1  MORGAN, LEWIS & BOCKIUS LLP
   Michael D. Weil, Bar No. 209056
2  michael.weil@morganlewis.com
   One Market
3  Spear Street Tower
   San Francisco, CA  94105-1596
4  Tel:    +1.415.442.1000
   Fax:    +1.415.442.1001
5
   MORGAN, LEWIS & BOCKIUS LLP
6  Jennifer Zargarof, Bar No. 204382
   jennifer.zargarof@morganlewis.com
7  Anahi Cruz, Bar No. 324326
   anahi.cruz@morganlewis.com
8  300 South Grand Avenue
   Twenty-Second Floor
9  Los Angeles, CA  90071-3132
   Tel:    +1.213.612.2500
10 Fax:    +1.213.612.2501

11 Attorneys for Defendants,
   THE ELEVANCE HEALTH COMPANIES,
12 INC. (f.k.a. The Anthem Companies, Inc.) and
   ELEVANCE HEALTH, INC.
13

14                  UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16

17

18 | KIKISHIA BURRUS, on behalf of | Case No. 22-5297 |
   | herself and all others similarly situated, | |
   | and the general public, | [Santa Clara County Superior Court |
19 | | Case No. 22CV402114] |
   | Plaintiff, | |
20 | | **DEFENDANTS THE ELEVANCE** |
   | | **HEALTH COMPANIES, INC.** |
21 | vs. | **(FKA THE ANTHEM** |
   | | **COMPANIES, INC.) AND** |
22 | THE ANTHEM COMPANIES, INC., an | **ELEVANCE HEALTH, INC.'S** |
   | Indiana corporation; ELEVANCE | **NOTICE OF REMOVAL TO** |
23 | HEALTH, INC., an Indiana corporation; | **FEDERAL COURT** |
   | and DOES 1 through 50, inclusive, | |
24 | Defendants. | Action Filed:    August 18, 2022 |

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

                                    DEFENDANTS' NOTICE OF REMOVAL
                                           TO FEDERAL COURT

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2   CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS

3   ATTORNEYS OF RECORD:

4       **PLEASE TAKE NOTICE THAT**, Defendants The Elevance Health

5   Companies, Inc. (f.k.a. The Anthem Companies, Inc.) and Elevance Health, Inc.

6   (hereinafter "Elevance" or "Defendants") hereby remove to the United States

7   District Court for the Northern District of California the above-captioned state court

8   action, originally filed as Case No. 22CV402114 in Santa Clara County Superior

9   Court, State of California.

10  **I.      INTRODUCTION**

11      1.      Removal to this Court is proper under 28 U.S.C. §§ 1441, 1446, and

12  1453 because (i) the aggregate number of putative class members is 100 or greater,

13  (ii) diversity of citizenship exists between one or more Plaintiffs and one or more

14  Defendants, and (iii) the amount placed in controversy by the Complaint exceeds,

15  in the aggregate, $5 million,[1] exclusive of interests and costs. 28 U.S.C. §§

16  1332(d)(2), 1332(d)(5)(B), and 1453.

17  **II.     PROCEDURAL BACKGROUND**

18      2.      On August 18, 2022, Plaintiff Kikishia Burrus ("Plaintiff") filed an

19  unverified putative class action complaint in the Superior Court of the State of

20  California, County of Santa Clara, entitled *Kikishia Burrus, on behalf of herself and*

21  *all others similarly situated, and the general public, vs. The Anthem Companies,*

22  *Inc., an Indiana corporation; Elevance Health, Inc., an Indiana corporation; and*

23  *Does 1 through 50, inclusive*, Case No. 22CV402114.

24  _____

25  [1] This Notice of Removal relies on the nature and amount of damages that Plaintiff's Complaint places in controversy. Defendants refer to specific damage amounts and cite comparable cases
26  solely to establish that the amount in controversy exceeds the jurisdictional minimum. But Defendants maintain that Plaintiff's claims lack merit and that Defendants are not liable to
27  Plaintiff or any member of the putative class for any amount whatsoever. Indeed, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of
28  [Defendant's] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2                    DEFENDANTS NOTICE OF REMOVAL TO
                                         FEDERAL COURT

3.     On August 19, 2022, Plaintiff served Defendants personally with the Summons, Complaint, and Civil Case Cover Sheet. Copies of these documents, as well as the Proofs of Service, are attached as Exhibits A-D to the Declaration of Michael D. Weil ("Weil Decl.") in support of Defendants' Notice of Removal.

4.     On August 29, 2022, Plaintiff served Defendants by mail with a Notice re: Order Setting Case Management Conference. A copy of this document is attached as Exhibit E to the Weil Decl.

5.     On September 16, 2022, Defendants filed an Answer to Plaintiff's Complaint in the Superior Court for the State of California, County of Santa Clara. A true and correct copy of Defendants' Answer is attached here as Exhibit F to the Weil Decl.

6.     In her Complaint, Plaintiff asserts causes of action on behalf of herself and members of the following putative class:

> "all persons employed by Defendants … in hourly or non-exempt positions in California during the Relevant Time Period [August 18, 2018 until judgment is entered]."

Weil Decl. Ex. A, Compl. ¶ 10.

7.     The Complaint alleges nine causes of action: (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay hourly wages; (4) failure to indemnify; (5) failure to provide accurate wage statements; (6) failure to timely pay all final wages; (7) unlawful deduction of wages; (8) unfair competition; and (9) civil penalties pursuant to the California Private Attorneys General Act ("PAGA").

8.     For purposes of this removal only, Defendants assume the truth of Plaintiff's allegations.

## III.    REMOVAL IS TIMELY

9.     On August 19, 2022, Plaintiff served the Complaint on Defendants The Elevance Health Companies, Inc. (f.k.a. The Anthem Companies, Inc.) and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS NOTICE OF REMOVAL TO
FEDERAL COURT

1   Elevance Health, Inc. through their registered agents for service of process. *See*

2   Weil Decl. ¶ 9, Exs. D-E. This Notice of Removal is timely because Elevance filed

3   it within thirty days of service of the Summons and Complaint. 28 U.S.C. §§

4   1446(b), 1453; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

5   354 (1999) ("[I]f the summons and complaint are served together, the 30-day period

6   for removal runs at once.")

7   **IV.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION**

8   **UNDER CAFA**

9          10.    The Complaint purports to state claims on behalf of Plaintiff and

10  members of a putative class. Compl. ¶ 1. Thus, removal based on CAFA diversity

11  jurisdiction is proper under 28 U.S.C. § 1441(a) if: (i) the amount placed in

12  controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of

13  interest and costs, (ii) diversity of citizenship exists between one or more plaintiffs

14  and one or more defendants, and (ii) the aggregate number of putative class

15  members is 100 or greater. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.

16  As explained below, Plaintiff's Complaint satisfies these CAFA standards.[2]

17         **A.    The Proposed Class Consists of More than 100 Members**

18         11.    Plaintiff asserts claims on behalf of herself and "all persons employed

19  by Defendants … in hourly or non-exempt positions in California during the

20  Relevant Time Period [August 18, 2018 until judgment is entered]." Compl. ¶ 10.

21         12.    A review of Defendants' records shows that, based on Plaintiff's

22  definition, the proposed class contains well over 100 prospective, current and

23  former employees. Indeed, based on the class definition alleged in Plaintiff's

24  Complaint, there are over 6,400 putative class members. Declaration of Yaasmeen

25  Rayford ("Rayford Decl.") ¶ 3.

26  
27  
28  

---

[2] Elevance does not concede, and reserves the right to contest, Plaintiff's *allegations* that this action may proceed as a class action. In addition, Elevance does not concede and reserves the right to contest that any of Plaintiff's allegations constitute a cause of action against it under applicable California law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANTS NOTICE OF REMOVAL TO
FEDERAL COURT

1    13.    Thus, the aggregate number of class members exceeds the

2  jurisdictional threshold of 100 people. *See* 28 U.S.C. § 1332(d)(5)(B).[3]

3    **B.    Elevance and Plaintiff Are Not Citizens of the Same State**

4    14.    To satisfy CAFA's diversity requirement, a party seeking removal

5  must plead that one putative class member is a citizen of a different state than one

6  defendant (i.e., so-called minimum diversity). 20 U.S.C. § 1332(d)(2); *United Steel,*

7  *Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l*

8  *Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010)

9  (explaining that CAFA provides expanded original diversity jurisdiction for class

10  actions meeting the minimal diversity requirement set forth in 28 U.S.C. §

11  1332(d)(2)).

12    15.    "An individual is a citizen of the state in which he is domiciled . . ."

13  *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal 2002) (citing

14  *Kanter*, 265 F.3d at 857). For purposes of diversity, citizenship is determined by the

15  individual's domicile when the lawsuit is filed. *Lew v. Moss*, 797 F. 2d 747, 750

16  (9th Cir. 1986). Evidence of continuing residence creates a presumption of

17  domicile. *Washington v. Havensa LLC*, 654 F.3d 340, 345 (3rd Cir. 2011).

18    16.    Plaintiff admits that she "is and was, and at all relevant times

19  mentioned [in the Complaint], an individual residing in the State of California."

20  Compl. ¶ 4. The Complaint does not allege any alternate state citizenship. *See*

21  *generally* Compl.  Elevance's records show that Plaintiff's last known home

22  address is in California. Rayford Decl. ¶ 4. Therefore, Plaintiff is a citizen of

23  California for purposes of diversity jurisdiction.

24

25

26

___

[3] Elevance reserves the right to supplement or provide the Court with additional briefing or
27  information necessary to appropriately assess CAFA's jurisdictional requirements. *Kanter v.*
*Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (noting that a party may "cure[] its
28  defective allegations…by amending its notice of removal.").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS NOTICE OF REMOVAL TO
FEDERAL COURT

17.     Moreover, the Complaint pleads claims on behalf of a putative class of individuals who worked for Defendants in California. Compl. ¶ 10. Thus, at least one putative class member is a citizen of California.

18.     Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is where its "officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meeting[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

19.     Defendant The Elevance Health Companies, Inc. (f.k.a. The Anthem Companies, Inc.) is a corporation organized under the laws of the State of Indiana. Rayford Decl. ¶ 6.  Its principal place of business and corporate headquarters is in Indianapolis, Indiana, where its officers direct, control, and coordinate corporate activities. *Id.*  Similarly, Defendant Elevance Health, Inc. is a corporation organized under the laws of the State of Illinois. *Id.* ¶ 5. Its principal place of business and corporate headquarters is in Indianapolis, Indiana, where its officers direct, control, and coordinate corporate activities. *Id.*  Thus, Defendants The Elevance Health Companies, Inc. (f.k.a. The Anthem Companies, Inc.) and Elevance Health, Inc. are citizens of Indiana and Illinois. 28 U.S.C. § 1332(c)(1).

20.     For purposes of diversity jurisdiction under 18 U.S.C. § 1332, courts disregard the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1). The citizenship of "Does 1-50" named in the Complaint is therefore immaterial to the jurisdiction inquiry.

21.     Thus, the Complaint satisfies CAFA's minimal diversity requirement because Plaintiff and some other class members are citizens of California and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANTS NOTICE OF REMOVAL TO
FEDERAL COURT

1   Defendants are citizens of Indiana and Illinois. 28 U.S.C. § 1332(d)(2)(A)

2   (requiring only "minimal diversity" under which "any member of a class of

3   plaintiffs is a citizen of a State different from any Defendant").

### C.      The Amount in Controversy Exceeds $5 Million

5          22.    CAFA jurisdiction requires the aggregate value of the putative class

6   members' claims to exceed $5 million (exclusive of interest and costs). 28 U.S.C. §

7   1332(d)(6).

8          23.    Where, as here, a complaint does not plead a specific amount of

9   damages, the petition for removal "need include only a plausible allegation that the

10  amount in controversy exceeds the jurisdictional threshold," consistent with the

11  pleading standard under Rule 8(a). *Dart Cherokee Basin Operating Co., LLC v.*

12  *Owens*, 135 S. Ct. 547, 554 (2014); Fed. R. Civ. P. 8(a).  "If a federal court is

13  uncertain about whether 'all matters in controversy' in a purported class action 'do

14  not in the aggregate exceed the sum or value of $5,000,000' the court should err in

15  favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP.

16  109-14, at 42 (2005) (citation omitted).

17         24.    CAFA does not require a defendant "to comb through its records to

18  identify and calculate the exact frequency of violations." *Danielsson v. Blood*

19  *Centers of Pac.*, 2019 WL 7290476, at *7 (N.D. Cal. Dec. 30, 2019) (quoting *Lopez*

20  *v. Aerotek, Inc.*, 2015 WL 2342558, at *3 (C.D. Cal. May 14, 2015)). Nor does

21  CAFA require a removing defendant to "research, state, [or attempt to] prove the

22  plaintiff's claim for damages." *De Vega v. Baxter Healthcare Corp.*, 507 F. Supp.

23  3d 1214, 1217 (N.D. Cal. 2019) (citation and quotation marks omitted); *see also*

24  *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting

25  plaintiff's conflation of "the amount in controversy with the amount of damages

26  ultimately recoverable."). When assessing the amount in controversy, a court must

27  "assume that the allegations of the complaint are true and assume that a jury will

28  return a verdict for the plaintiff on all claims made in the complaint." *Campbell v.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS NOTICE OF REMOVAL TO
FEDERAL COURT

1  *Vitran Exp., Inc.*, 471 F. App'x 646, 658 (9th Cir. 2012) (quoting *Kenneth*

2  *Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D.

3  Cal. 2002)).

4      25.    As explained below, the amount in controversy here easily exceeds $5

5  million.

6          **1.    Plaintiff's Sixth Cause of Action for "Wages Not Paid Upon**

7          **Separation" (Waiting Time Penalties) Alone Puts At Least**
           **$4,980,000 in Controversy**

8      26.    Plaintiff alleges that "on behalf of herself and Waiting Time Penalties

9  Sub-Class members, [she] seeks waiting time penalties" pursuant to Labor Code

10  §203. Compl. ¶ 120. Under California Labor Code § 203, if an employer fails to

11  pay all wages due upon termination in a timely manner, "the wages of the

12  employees shall continue as a penalty from the due date thereof at the same rate

13  until paid or until an action therefor is commenced" for up to 30 days. Cal. Labor

14  Code § 203.

15      27.    Of the individuals who fall within Plaintiff's class definition, no fewer

16  than 1660 are former, full-time employees who separated from employment 30 or

17  more days before the filing of the Complaint, *i.e.*, potentially entitled to full waiting

18  time penalties pursuant to Cal. Labor Code § 203. Rayford Decl. ¶ 3. The average

19  minimum wage in California during the relevant time period was more than

20  $12.50.[4] *Id.* As such, the amount in controversy by Plaintiff's cause of action for

21  Failure to Pay Wages at Time of Termination (Labor Code §§ 201-203) can be

22  calculated as follows:

23  **$12.50 per hour * 8 hours per day * 30 days * 1,660 individuals = $4,980,000**

24

25  [4] The weighted average minimum hourly wage for the State of California during the
   limitations period serves as a conservative estimate of the average hourly rate of

26  pay earned by the putative class members. However, Elevance regularly pays its
   non-exempt, hourly employees at a higher hourly rate of pay than the State of

27  California minimum wage requirement. Nevertheless, Elevance will use the
   conservative estimate for the purposes of establishing the CAFA amount in

28  controversy requirement is met.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8                                DEFENDANTS NOTICE OF REMOVAL TO
                                 FEDERAL COURT

28.     Thus, Plaintiff's cause of action for Failure to Timely Pay All Final Wages puts at least **$4,980,000** at issue.

### 2.     Plaintiff's Fifth Cause of Action for "Failure to Provide Accurate Written Wage Statements" Puts $13,515,000 in Controversy

29.     Plaintiff alleges that "[she] and Wage Statement Penalties Sub-Class members have suffered injuries" pursuant to Labor Code Section 226 for Defendant's alleged failure to provide accurate wage statements. Compl. ¶¶ 108-09. Under California Labor Code § 226(e), recoverable penalties are "the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)." Cal. Lab. Code § 226(e).

30.     There were at least 5,300 putative class members who were employed for the entire year preceding the filing of the Complaint and received no fewer than 26 itemized wage statements each during such year.

31.     As such, the amount in controversy by Plaintiff's cause of action for Failure to Provide Accurate Itemized Wage Statements can be calculated as follows:

**[$50 per initial violation + ($100 per subsequent violations * 25 subsequent violations)] * 5,300 employees = $13,515,000**

32.     Thus, Plaintiff's cause of action for Failure to Provide Accurate Written Wage Statements puts **$13,515,000** at issue thereby satisfying the amount-in-controversy requirement of CAFA.

### 3.     Plaintiff's Other Causes of Action Put Additional Amounts in Controversy, Clearly Exceeding the CAFA Threshold

33.     In addition to the foregoing amount, Plaintiff's other causes of action place yet more amounts in controversy, further demonstrating that the CAFA threshold is satisfied. Plaintiff's First Cause of Action for Failure to Provide Meal

1   Periods alleges that Defendants "maintained a policy or practice of not providing

2   Plaintiff and members of the Meal Period Sub-Class with uninterrupted, duty-free

3   meal periods" and therefore "Plaintiff … seek[s] to recover unpaid premium

4   wages[.]" Compl. ¶¶ 44-57.

5          34.    Plaintiff's Second Cause of Action for Failure to Provide Rest Periods

6   alleges that Defendants "maintained a policy or practice of not providing members

7   of the Rest Period Sub-Class with net rest period [sic] of at least ten minutes for

8   each four-hour work period, or major fraction thereof," and therefore "Plaintiff …

9   seeks to recover unpaid premium wages[.]" Compl. ¶¶ 58-68.

10         35.    Plaintiff's Third Cause of Action for Failure to Pay Hourly and

11  Overtime Wages alleges that Defendants "failed to pay hourly wages to Plaintiff

12  and Hourly Employee Class members for all time worked, including … overtime

13  hours" and therefore "Plaintiff … seeks to recover unpaid straight time and

14  overtime wages[.]" Compl. ¶¶ 69-92.

15         36.    Plaintiff's Fourth Cause of Action for Failure to Indemnify alleges that

16  Defendants "maintained a policy or practice of not reimbursing Plaintiff and

17  Expense Reimbursement Class members for all necessary business expenses" and

18  therefore "Plaintiff and Expense Reimbursement Class Members are entitled to

19  restitution for all unpaid amounts due and owing[.]" Compl. ¶¶ 93-102.

20         37.    Plaintiff's Seventh Cause of Action for Unlawful Deduction of Wages

21  alleges that Defendants "have unlawfully collected or received from Plaintiff and

22  Expense Reimbursement Class Members a part of wages theretofore paid by an

23  employer to its employees" and therefore Plaintiff "demand[s]m all wages

24  unlawfully deducted[.]" Compl. ¶¶ 111-125.

25         38.    Plaintiff's Eighth Cause of Action for Unfair Competition alleges that

26  Defendants "acquired money by means of unfair competition" by "failing to …

27  provide non-exempt employees with uninterrupted, duty-free meal periods of at

28  least thirty minutes for each work period of five or more hours, by failing to pay

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANTS NOTICE OF REMOVAL TO
FEDERAL COURT

1   non-exempt employees for all hours worked, and by failing to reimburse them for

2   all expenses[.]" Compl. ¶¶ 131-134. As a result, Plaintiff "seeks declaratory relief

3   and restitution of all monies rightfully belonging to [her and UCL Class members]

4   that Defendants did not pay them[.]" *Id.* ¶¶ 126-143.

5         39.    Additionally, Plaintiff seeks recovery of attorneys' fees. Compl.,

6   Prayer ¶ 12. Estimated future attorneys' fees are properly included in determining

7   the amount in controversy, including for class actions seeking fees under Labor

8   Code Section 226. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899

9   F.3d 785, 793-794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an

10  award of attorneys' fees if he is successful, such future attorneys' fees are at stake

11  in the litigation, and must be included in the amount in controversy."). The Ninth

12  Circuit held that future fee estimates can be based on "customary rates and proper

13  fees," and that "a percentage-based method," such as 25% of the amount in

14  controversy, may also be relevant when estimating the amount of fees included in

15  the amount in controversy. *Id.* at 795 and 796, fn. 6.

16        40.    Defendants deny Plaintiff's claim for attorneys' fees. However, for

17  purposes of removal, even though Defendants have already demonstrated by a

18  preponderance of the evidence that the amount in controversy exceeds $5,000,000,

19  Defendants note that the inclusion of future attorneys' fees would increase the

20  amount in controversy by a material amount.

21  **V.    VENUE**

22        41.    This action was originally filed in the Superior Court for the County of

23  Santa Clara. Initial venue is therefore proper in this district, pursuant to 28 U.S.C.

24  §1441(a), because it encompasses the county in which this action has been pending.

25  **VI.    NOTICE**

26        42.    Elevance will promptly serve this Notice of Removal on Plaintiff and

27  will promptly file and serve a copy of this Notice of Removal with the Clerk of the

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11                          DEFENDANTS NOTICE OF REMOVAL TO
                                     FEDERAL COURT

1    Superior Court of the State of California, County of Santa Clara, in which the

2    action is pending, as required under to 28 U.S.C. § 1446(d).

3        43.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all

4    "process, pleadings, and orders served" upon Elevance as well as other documents

5    filed in the state court action are filed concurrently with this Notice of Removal as

6    exhibits to the Weil Declaration.

7    **VII.   CONCLUSION**

8        44.    Based on the foregoing, Elevance requests that this action be removed

9    to this Court. If any question arises as to the propriety of the removal of this action,

10   Amazon requests the opportunity to present a brief and oral argument in support of

11   its position that this case is subject to removal.

12   Dated:       September 16, 2022          MORGAN, LEWIS & BOCKIUS LLP

13

14                                   By  */s/ Michael D. Weil*
                                         Michael D. Weil
15                                       Jennifer B. Zargarof
                                         Anahi Cruz
16                                       Attorneys for Defendants
                                         THE ELEVANCE HEALTH
17                                       COMPANIES, INC. (f.k.a. The
                                         Anthem Companies, Inc.) and
18                                       ELEVANCE HEALTH, INC.

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12          DEFENDANTS NOTICE OF REMOVAL TO
                                                              FEDERAL COURT