MORGAN, LEWIS & BOCKIUS LLP
Michael D. Weil, Bar No. 209056
michael.weil@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:  +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Jennifer B. Zargarof, Bar No. 204382
jennifer.zargarof@morganlewis.com
Anahi Cruz, Bar No. 324326
anahi.cruz@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501

Attorneys for Defendants
THE ELEVANCE HEALTH COMPANIES, INC.
(f.k.a. The Anthem Companies, Inc.) and ELEVANCE
HEALTH, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIKISHIA BURRUS, on behalf of herself and all other similarly situated, and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>THE ANTHEM COMPANIES, INC., an Indiana corporation; ELEVANCE HEALTH, INC., an Indiana corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:22-cv-05927-WHO<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE**<br><br>Date:        December 21, 2022<br>Time:       2:00 p.m.<br>Location:  San Francisco Courthouse<br>                  Courtroom 2 - 17th Floor<br>Judge:      Hon. William H. Orrick |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO TRANSFER VENUE
3:22-CV-05927-WHO

**TO PLAINTIFF KIKISHIA BURRUS AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on December 21, 2022 at 2:00 p.m. in Courtroom 2 – 17th Floor of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or as soon thereafter as may be heard, Defendants The Elevance Health Companies, Inc. (f.k.a. The Anthem Companies, Inc.) and Elevance Health, Inc. (collectively, "Elevance" or "Defendants") will and hereby do move this Court for an order to transfer venue to the Central District of California pursuant to 28 U.S.C. § 1404(a). The transfer will advance the convenience of the parties and witnesses, as well as the interest of justice, in part because, at all relevant times, Plaintiff has resided and worked for Elevance in the Central District and makes no allegations specific to the Northern District.

This motion is based upon this Notice, the Memorandum of Points and Authorities in support thereof, the concurrently-filed declarations of Michael D. Weil and Yaasmeen Rayford, a Request for Judicial Notice, the pleadings and record on file with this Court, such evidence and argument as may presented at or before the hearing on this matter, any matters upon which this Court can take judicial notice, and any and all other matters this Court deems necessary.

This motion is made following Defendants' attempts to meet and confer with counsel, which took place on October 7 and October 14, 2022.

Dated: November 4, 2022                     MORGAN, LEWIS & BOCKIUS LLP

By: _/s/Michael D. Weil_
Michael D. Weil
Jennifer B. Zargarof
Anahi Cruz
Attorneys for Defendants
THE ELEVANCE HEALTH
COMPANIES, INC. (f.k.a. The Anthem
Companies, Inc.) and ELEVANCE
HEALTH, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO TRANSFER VENUE
3:22-CV-05927-WHO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Kikishia Burrus ("Plaintiff") has no legitimate justification for filing this putative class action in Santa Clara County. Plaintiff lives and works for Elevance hundreds of miles away in Southern California. She has had no job responsibilities in Santa Clara County. And she complains of no specific action taken by Elevance in Santa Clara County or anywhere else in the Northern District. Rather, Plaintiff avers that all purported wrongs occurred on a state-wide basis.

This action properly belongs in the Central District of California. The Central District is far more appropriate because Plaintiff is a resident of that judicial district. Further, all individuals with knowledge of Plaintiff's individual allegations against Elevance (e.g., her former supervisors, managers, and coworkers) also work and reside in Southern California.

All of these factors overwhelm the minimal weight given to Plaintiff's choice of forum. This is especially true considering that: (1) Plaintiff is not a resident of this District; and (2) when a plaintiff raises class allegations, she abandons any claim to a strong interest in litigating her case in her preferred forum. This case should be transferred to the Central District for the convenience of the parties and the witnesses, in the interest of justice, and to discourage Plaintiff's obvious forum shopping.

## II. RELEVANT FACTUAL BACKGROUND

### A. Plaintiff's Complaint Alleges a California-Wide Class Action, But No Specific Connection to the Northern District

On August 18, 2022, Plaintiff filed a putative class action complaint in Santa Clara County Superior Court. ECF 1-3, Ex. A. Plaintiff seeks to represent a California-wide class consisting of "all persons employed by Defendants … in hourly or non-exempt positions in California during the Relevant Time Period [August 18, 2018 until judgment is entered]." *Id.* at ¶10. The complaint alleges violations of the California Labor Code as follows: (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay hourly wages; (4) failure to indemnify; (5) failure to provide accurate wage statements; (6) failure to timely pay all final wages; (7) unlawful deduction of wages; (8) unfair competition in violation of California

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO TRANSFER VENUE
3:22-CV-05927-WHO

Business and Professions Code §§ 17200, *et seq.*; and (9) civil penalties pursuant to the California Private Attorneys General Act ("PAGA"). *Id.*

Plaintiff's complaint contains no allegations specific to conduct occurring or originating in the Northern District. *See generally* ECF 1-3, Ex. A. Indeed, there is no allegation that Plaintiff ever worked for Elevance in the Northern District, that the allegedly unlawful policies or practices emanated or were directed from the Northern District, or that substantially more putative class members reside in the Northern District than other parts of the state. Instead, Plaintiff contends that venue in Santa Clara County Superior Court is proper merely because "at least some transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains officers, transacts business, and/or has an agent therein." *Id.* at ¶ 3. Plaintiff's Complaint, however, acknowledges that Elevance employs individuals all throughout California. *Id.* at ¶ 10.

### B. Plaintiff Filed an Individual Action Against Elevance in Los Angeles County Superior Court

On August 22, 2022 – just days after filing the instant action – Plaintiff filed a complaint in Los Angeles County Superior Court against Elevance (the "Individual Action"). Request for Judicial Notice ("RJN"), Ex. 1. The Individual Action alleges various causes of action under the California Fair Employment and Housing Act ("FEHA"). *Id.* In the Individual Action, Plaintiff alleges that "[a]t all times herein mentioned, and at the time the causes of action arose, Plaintiff KIKISHIA BURRUS was an individual residing in the State of California, County of Los Angeles." *Id.* at ¶ 4.

### C. Meet and Confer Efforts

Prior to filing this motion, Elevance attempted to meet and confer with Plaintiff's counsel about a transfer of venue. Declaration of Michael D. Weil ("Weil Decl."), ¶¶ 2-3. As a part of Elevance's good faith efforts, it provided Plaintiff's counsel with the legal and factual bases supporting good cause for its motion and sought any contrary authority. *Id.* It also specifically asked Plaintiff's counsel to explain why Plaintiff elected to file her complaint in the Northern District despite the fact that she worked in Southern California and filed the Individual Action in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO TRANSFER VENUE
3:22-CV-05927-WHO

Los Angeles County Superior Court. *Id.* Notwithstanding Elevance's efforts, the parties were unable to reach an agreement, which necessitated the instant motion. *Id.*

### III. VENUE SHOULD BE TRANSFERRED PURSUANT TO 28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The purpose of Section 1404(a) is 'to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 1141, 1145 (2009) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). A court has broad discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

#### A. Plaintiff Could Have Filed This Action in the Central District

Plaintiff cannot reasonably dispute that this action could have been brought in the Central District. Elevance maintains a place of business in the Central District, which satisfies the venue requirements. *See, e.g.,* ECF 1-3, Ex. A at ¶¶ 5-6; 28 U.S.C. § 1391(c); 38 U.S.C. § 4323(c)(2). The Central District also has subject matter jurisdiction over the Complaint pursuant to CAFA and because the complaint alleges non-exempt employees throughout California (not just the Northern District) are members of the putative class. *See, e.g.,* ECF 1-3, Ex. A at ¶10. Further, Plaintiff filed the Individual Action in Los Angeles County just days after she filed this action. RJN, Ex. 1. In the Individual Action, Plaintiff specifically concedes that she was "an individual residing in the State of California, County of Los Angeles" at all relevant times. *Id.*, Ex. A at ¶ 4.[1] This factor is therefore satisfied.

#### B. The Relevant Factors Overwhelmingly Favor Transfer

"Although § 1404(a) lists three factors – convenience of the parties, convenience of witnesses, and the interest of justice – rulings in motions brough under § 1404(a) can involve a number of other considerations." *Frazier v. Stanley*, 2016 WL 368100, at *1 (N.D. Cal. Jan. 29,

---

[1] Elevance removed Plaintiff's individual action to the Central District of California, Case No. 2:22-cv-06901-SB-KS, on September 23, 2022.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO TRANSFER VENUE
3:22-CV-05927-WHO

2016). "In this District, courts typically consider the following factors: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum." *Burns v. Svenson*, 2019 WL 3554404, at *1 (N.D. Cal. Aug. 5, 2019); *Perez v. Performance Food Grp., Inc.*, 2017 WL 66875, at *2 (N.D. Cal. Jan. 6, 2017); *Wilson v. Walgreen Co.*, 2011 WL 4345079, at *2 (N.D. Cal. Sept. 14, 2011).

Each factor is analyzed in turn below, demonstrating that transfer out of the Northern District and into the Central District is proper.

### 1. Plaintiff's Choice of Forum is Entitled to Little or No Weight

While some consideration is generally given to a plaintiff's choice of forum, "the degree of deference is substantially diminished" in several circumstances—each of which apply to Plaintiff's choice here. *Park*, 964 F. Supp. 2d 1094. Those exceptions are when a plaintiff (1) seeks to represent a class; (2) resides outside the chosen forum; and (3) the conduct giving rise to the claims occurred in a different forum. *Id.; Perez*, 2017 WL 66874 at *3; *Fabus Corp. v. Asiana Exp. Corp.*, 2001 WL 253185, at *1 (N.D. Cal. Mar. 5, 2001). Further, where there is evidence of forum shopping, courts should disregard a plaintiff's choice of forum. *See, e.g., Helm v. Alderwoods Group, Inc. et al.*, 2008 WL 2915424, *3 (N.D. Cal. July 22, 2008).

The facts confirm that Plaintiff's choice of forum is not entitled to deference. Plaintiff filed this putative class action in Santa Clara County Superior Court despite the fact that she worked and resided in Southern California, and raises no allegations specific to or arising out of Santa Clara County.[2] ECF 1-3, Ex. A. Indeed, Elevance's employment records confirm that *at all relevant times* Plaintiff worked for Elevance in Southern California, and her direct supervisor was based in Glendale, California, which is situated in Los Angeles County. Declaration of Yaasmeen Rayford ("Rayford Decl.") ¶¶ 3-4. Moreover, the Individual Action – currently pending in the Central District of California – expressly concedes that Plaintiff was "an individual residing in the

---

[2] Acts or occurrences pertaining to putative class members are not relevant to venue at this stage. *See, e.g., Forrand v. Fed. Exp. Corp.*, 2008 WL 276389, at *2 n.2 (N.D. Cal. Jan. 31, 2008).

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

6

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO TRANSFER VENUE
3:22-CV-05927-WHO

State of California, County of Los Angeles" at all relevant times. RJN, Ex. 1 at ¶ 4. Therefore, Plaintiff's supervisors, managers, and coworkers are far outside the Northern District, as was the alleged conduct giving rise to Plaintiff's claims.

In sum, there is no factual justification for Plaintiff choosing this as the situs for litigation. Indeed, over the course of the Parties' meet and confer efforts, Elevance repeatedly asked Plaintiff to explain why this case was filed in Santa Clara County, particularly in light of Plaintiff's choice to file her individual action against Elevance in Los Angeles County Superior Court. Weil Decl. ¶¶ 2-3. To date, Plaintiff has failed to provide any response to this question whatsoever. *Id.* The only conclusion is that Plaintiff is engaging in the precise forum shopping strategy that Section 1404(a) is intended to prevent. *Dudash v. Varnell Struck & Associates, Inc.*, 2004 WL 2623903, at *5 (N.D. Cal. Nov. 16, 2004).

### 2. The Convenience of the Parties Favors Transfer Out of the Northern District

Another factor that favors transfer out of the Northern District is the convenience of the parties. First, Plaintiff cannot argue that the Northern District is more convenient for her because she lives hundreds of miles away in Southern California, as does her counsel of record. Logically, it would be more convenient for Plaintiff if this action was in the Central District. *See, e.g., Fischer v. Enter. Rent-A-Car Co. of Los Angeles*, 2016 WL 10988578, at *1 (N.D. Cal. Nov. 29, 2016) (transferring venue in spite of plaintiff's choice of forum because both parties resided in the Central District). In any case, a plaintiff's convenience is entitled to lesser weight when she sues in a forum where she does not reside. *Easton v. Wells Fargo & Company, et al.*, 2020 WL 3639934, at *3 (N.D. Cal. July 6, 2020) (citing *Perez*, 2017 WL 66847, at *3).

Plaintiff also may not rely on the convenience of putative class members who may reside in the Northern District because "the nature and extent of any putative class member's participation in the case is purely speculative." *Perez*, 2017 WL 66874, at *3; *see also Arreola v. Finish Line*, 2014 WL 6982571, at *9 (N.D. Cal. Dec. 9, 2014).

As for Elevance, the Central and Northern Districts would have the same level of convenience. Elevance is not a resident of California.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO TRANSFER VENUE
3:22-CV-05927-WHO

Finally, the Northern District has found party convenience is advanced when an action is transferred to a district where the parties' counsel reside. *See, e.g., Park*, F. Supp. 2d at 1095 ("Because . . . Plaintiff's counsel and Dole's counsel reside in the Central District, it will be cheaper and more efficient for both parties to litigate there."). Here, counsel for both Elevance and Plaintiff are located in Los Angeles County. Therefore, the costs of litigation would be substantially reduced if the action is transferred to the Central District.

### 3. The Convenience of Non-Party Witnesses Strongly Favors Transfer

In considering a motion to transfer venue, courts recognize that "the convenience-of-witnesses factor looms large" because "[t]hese individuals must take time out of their work and private time to travel to and from the place of trial, to live away from home and to wait around windowless corridors on call to testify. . . . Even where a witness is an employee of a party and will be paid, the disruption is still a hard fact. The expenses of housing and meals, even if borne by a party, are nonetheless authentic outlays." *In re Funeral Consumers Antitrust Litig.*, 2005 WL 2334362, at *4 (N.D. Cal. Sept. 23, 2005); *Stambanis v. TBWA Worldwide, Inc.*, 2019 WL 1979949, at *2 (N.D. Cal. May 3, 2019). When the distance between an existing venue and a proposed venue under § 1404(a) "is more than 100 miles, the factor of convenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen AG*, 371 F. 3d 201, 204-05 (5th Cir. 2004).

*Perez v. Performance Food Group, Inc.* is especially illustrative on this point. 2017 WL 66874 (N.D. Cal. Jan. 6, 2017). The *Perez* plaintiff filed a putative employment class action complaint in Alameda County Superior Court, despite the fact that he lived and worked for his employer in Los Angeles County. *Id.* at *1. The case was subsequently removed to the Northern District. *Id.* In considering the employer's motion to transfer venue, the Court observed a salient point that is equally applicable here:

> Courts in the Northern District have repeatedly found that where, as here, one or more named plaintiffs brings a statewide class action based upon alleged employment law violations that occurred in the Central District, the witnesses' convenience favors transfer.

*Id.* (collecting Northern District cases).

Following suit, the *Perez* court transferred venue to the Central District in part because it would be more convenient for probable witnesses, like "[p]laintiff and his former co-workers and managers, [who] are most likely to reside in the Central District." *Id.* at *4. The *Perez* court further reasoned that, as a practical matter, it may not have subpoena power over the non-party witnesses located in the Central District. *Id.* (citing Fed. R. Civ. Proc. 45(c) (limiting subpoena power under most circumstances to "within 100 miles of where the person resides, is employed, or regularly transacts business in person")).

Just as in *Perez*, Plaintiff has lived and worked in the Central District at all relevant times. The key witnesses to Plaintiff's work schedule, meal and rest breaks, job duties, and health checks will logically be in his former supervisors, managers, and coworkers located in or near Los Angeles County. Litigating this case in the Northern District would be substantially inconvenient for these witnesses, who would need to travel to San Francisco, be absent from work for days, and be away from home and family obligations. By contrast, the Central District is much closer to these probable witnesses and would pose upon them relatively no burden. Further, there are no known material witnesses to Plaintiff's claims residing in the Northern District. This factor therefore heavily weighs in favor of transfer from the Northern District.

### 4. The Ease of Access to Evidence Favors Transfer

Though "[t]echnological developments have reduced the burden of retrieving or transporting documents," "costs of litigation can still be substantially lessened if the venue is in a district in which most of the documentary evidence is stored." *Ambriz*, 2014 WL 2743886, at *2; *Park*, 964 F. Supp. 3d at 1095. Here, to the extent Plaintiff claims she should have been reimbursed certain expenses related to working from home, that evidence would necessarily be found in Southern California where Plaintiff resides. Conversely, there is no known evidence related to Plaintiff's wage-and-hour claims in the Northern District. Once again, this factor favors transfer.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO TRANSFER VENUE
3:22-CV-05927-WHO

### 5. The Districts Are Equally Familiar with the Applicable Laws

This factor is neutral. "Federal courts in California . . . are equally familiar with the applicable California and federal [labor law]." *See, e.g., Perez*, 2017 WL 66874, at *4.

### 6. The Central District Has a Stronger Local Interest in the Action

While of course the Central and Northern Districts both may have interest in this action, the locality where the allegedly wrongful conduct occurred typically wins out. *See, e.g., Brown v. Abercrombie & Fitch Co.*, 2014 WL 715082, at *6 (N.D. Cal. Feb. 14, 2014) (finding this factor favored transfer even though defendant operated stores in both the Northern and Central Districts because "the majority of events occurred in the Central District"). The epicenter of Plaintiff's individual claim is in Southern California, where she lives, worked, and the wrongful acts that she alleges were committed against her occurred. Indeed, the operative Complaint provides no justification for pursuing claims in the Northern District and any such allegations would be belied by the fact that Plaintiff filed an individual action against Elevance in Los Angeles County Superior Court. Further, the Complaint contains no allegations that Plaintiff worked for Elevance in the Northern District, that the allegedly unlawful practices emanated or were directed from the Northern District, or that substantially more putative class members are located in the Northern District versus other parts of the state. As such, the central District has a relatively stronger interest in the action than does the Northern District.

### 7. There is Appreciably Lower Congestion in the Central District

Another factor that tips the scale in favor of transfer is the relative court congestion and time to trial in each District. *See, e.g., Continental Automotive Sys., Inc. v. Avanci, LLC*, 2019 WL 6735604, at *20 (N.D. Cal. Dec. 11, 2019). To "measure congestion, courts compare the foras' 'median time from filing to disposition or trial.'" *Arreola*, 2014 WL 6982571, at *11.

The relevant data demonstrates that the Northern District has a greater volume of pending cases and takes nearly double the time to dispose of cases. The data is summarized as follows:

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

10

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO TRANSFER VENUE
3:22-CV-05927-WHO

| Federal Court Management Statistics as of December 31, 2021 | | | |
|---|---|---|---|
| District | Median Time to Trial | Median Time to Disposition | Number of Pending Cases per Judgeship |
| Northern | 30.9 months | 8.9 months | 929 |
| Central | 24.2 months | 4.9 months | 496 |

RJN, Ex. 2. As such, judicial economy will be promoted by a transfer out of the Northern District, as will discouraging similarly enterprising plaintiff's counsel from unnecessarily filing cases in Northern California.

## IV. CONCLUSION

It is clear that the Northern District is an improper venue for this action. Instead, a transfer to the Central District would advance the twin goals of witness convenience and interests of justice. For the foregoing reasons, Elevance respectfully requests an order transferring this action to the Central District of California.

Dated: November 4, 2022              MORGAN, LEWIS & BOCKIUS LLP

By: */s/Michael D. Weil*
Michael D. Weil
Jennifer B. Zargarof
Anahi Cruz
Attorneys for Defendants
THE ELEVANCE HEALTH
COMPANIES, INC. (f.k.a. The Anthem Companies, Inc.) and ELEVANCE HEALTH, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO TRANSFER VENUE
3:22-CV-05927-WHO