Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
Jose Maria D. Patino, Jr. (SBN 270194)
  jose@setarehlaw.com
Tyson Gibb (SBN 339154)
  tyson@setarehlaw.com
SETAREH LAW GROUP
9665 Wilshire Boulevard, Suite 430
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiffs  KIKISHIA BURRUS and IVAN ALVARADO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIKISHIA BURRUS and IVAN ALVARADO, on behalf of themselves and all others similarly situated,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>THE ELEVANCE HEALTH COMPANIES, INC., an Indiana corporation; ELEVANCE HEALTH, INC., an Indiana corporation,<br><br>   *Defendants*. | Case No. 2:22-cv-09433-JLS-MAR<br><br>**<u>CLASS ACTION</u>**<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);<br>2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);<br>3. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);<br>4. Failure to Indemnify (Lab. Code § 2802);<br>5. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));<br>6. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);<br>7. Secret Profit Through Unlawful Deduction of Wages (Lab. Code §§ 221, 222, 223);<br>8. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs KIKISHIA BURRUS and IVAN ALVARADO ("Plaintiffs"), on behalf of themselves and all others similarly situated, and the general public, complain and allege as follows:

## INTRODUCTION

1.     Plaintiffs bring this class action against defendants THE ELEVANCE HEALTH COMPANIES, INC., an Indiana corporation, and ELEVANCE HEALTH, INC., an Indiana corporation, (collectively referred to as "Defendants") for alleged violations of the Labor Code. As set forth below, Plaintiffs allege that Defendants have:

(1)    failed to provide Plaintiffs and all other similarly situated individuals with meal periods;

(2)    failed to provide them with rest periods;

(3)    failed to pay them premium wages for missed meal and/or rest periods;

(4)    failed to pay them premium wages for missed meal and/or rest periods at the regular rate of pay;

(5)    failed to pay them at least minimum wage for all hours worked;

(6)    failed to pay them overtime wages at the correct rate;

(7)    failed to pay them double time wages at the correct rate;

(8)    failed to pay them overtime and/or double time wages by failing to include all applicable remuneration in calculating the regular rate of pay;

(9)    failed to reimburse them for all necessary business expenses;

(10)    unlawfully deducted, received, and/or withheld wages, secretly paying wages below scale;

(11)    failed to provide them with accurate written wage statements; and

(12)    failed to pay them all of their final wages following separation of employment.

Based on these alleged violations, Plaintiffs now bring this class and representative action to recover unpaid wages, restitution, statutory penalties, and related relief on

behalf of themselves and all others similarly situated.

## JURISDICTION AND VENUE

2.      On or around September 16, 2022, Defendants removed this Action from the Superior Court for the County of Santa Clara based on Class Action Fairness Act ("CAFA") diversity jurisdiction pursuant to 28 U.S.C. § 1441. *See also* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.

3.      This action was originally filed in the Superior Court for the County of Santa Clara. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. §1441(a), because it encompasses the county in which this action has been pending.

## PARTIES

4.      Plaintiff KIKISHIA BURRUS is and was, and at all relevant times mentioned herein, an individual residing in the State of California.

5.      Plaintiff IVAN ALVARADO is and was, and at all relevant times mentioned herein, an individual residing in the State of California.

6.      Plaintiffs are informed and believe, and thereupon allege, that Defendant ANTHEM COMPANIES, INC. is, and at all relevant times mentioned herein, an Indiana corporation doing business in the State of California.

7.      Plaintiffs are informed and believe, and thereupon allege, that Defendant ELEVANCE HEALTH, INC. is, and at all relevant times mentioned herein, an Indiana corporation doing business in the State of California.

8.      Plaintiffs are informed and believe, and thereupon allege that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, joint employers, principals, or co-participants of some or all of the other defendants, and, in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent, and ratification by such other defendants.

///

## CLASS ALLEGATIONS

9.   This action has been brought and may be maintained as a class action pursuant to Fed. R. Civ. P. ("FRCP") 23, because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiffs are unaware of any difficulties likely to be encountered in managing this case as a class action.

10.   **Relevant Time Period**: The Relevant Time Period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

11.   **Proposed Classes**: Plaintiffs propose to represent the following Classes and Sub-Classes in this case:

**Hourly Employee Class**:   All persons employed by Defendants, including all persons assigned to work for Defendants by any staffing agencies and/or any other third parties, in hourly or non-exempt positions in California during the **Relevant Time Period**.

> **Meal Period Sub-Class**: All **Hourly Employee Class** members who worked in a shift in excess of five (5) hours during the **Relevant Time Period**.

> **Rest Period Sub-Class**: All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

> **Regular Rate Sub-Class**: All **Hourly Employee Class** members who were not paid overtime wages for all overtime hours worked and/or premiums for meal and/or rest break violations as a result of not factoring in nondiscretionary compensation, including, but not limited to, flex credits, quarterly performance bonuses and/or non-discretionary bonuses during the **Relevant Time Period**.

> **Wage Statement Penalties Sub-Class**: All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

> **Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class**: All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.

**Expense Reimbursement Class:** All persons who worked remotely from home for Defendants in California at any time during the **Relevant Time**

3

**Period**.

12.      **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiffs do not currently know the exact number of class members, Plaintiffs are informed and believe, and thereupon allege, that the actual number exceeds the minimum required for numerosity under federal law.

13.      **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions that affect only individual class members. These common questions include, but are not limited to:

    i.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

    ii.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

    iii.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

    iv.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

    v.    Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

    vi.    Whether Defendants used payroll formulas that systematically fail to account for non-discretionary bonuses and/or other applicable remuneration when calculating regular rates of pay for class members;

    vii.    Whether Defendants failed to pay overtime wages to class members as a result of incorrectly calculating their regular rates of pay;

    viii.    Whether Defendants failed to pay premium wages to class members based on their respective "regular rates of compensation" by not

including non-discretionary bonuses and/or other applicable remuneration in calculating the rates at which those wages are paid;

ix.    Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

x.    Whether Defendants unlawfully deducted, received, and/or withheld wages, secretly paying wages below scale

xi.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

xii.    Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

xiii.    Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

xiv.    Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

14.    **Typicality:** Plaintiffs' claims are typical of the other class members' claims. Plaintiffs are informed and believes, and thereupon alleges, that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

15.    **Adequacy of Class Representative:** Plaintiffs are adequate class representatives in that they have no interests that are adverse to or otherwise conflict with the interests of absent class members and are dedicated to vigorously prosecuting this action on their behalf. Plaintiffs will fairly and adequately represent and protect the interests of the other class members.

16.    **Adequacy of Class Counsel:** Plaintiffs' counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiffs or absent class

members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiffs and absent class members.

17.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to prosecute their common claims simultaneously and efficiently in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18.    Plaintiff BURRUS worked for Defendants as a Referral Specialist in an hourly, non-exempt position in California from approximately 2008 through January 31, 2022.

19.    Plaintiff ALVARADO worked for Defendants as a Network Specialist in an hourly, non-exempt position in California from approximately May 2008 to January 2023.

### Clock-In Process

20.    Plaintiffs and the putative class were trained to clock in for each work shift using the computer and/or company phone issued to them.  Plaintiffs and the putative class were regularly required to first turn on their computer and wait for it to load.  After Plaintiffs and the putative class entered their login information, their computer and/or phone would proceed to load to the desktop and/or home screen as

part of the normal boot up process.  It generally took approximately five minutes for it to boot up, for putative class members to log in, and for putative class members to get "clocked in" so that they would begin being compensated.

21.    Occasionally, Plaintiffs and the putative class would encounter login errors or crashes that would require them to restart the entire boot up process and/or reach out to technical support with their personal phones.  The entire time spent booting up the computer would not be accurately recorded and therefore resulted in Plaintiffs and the putative class not being paid for all hours worked while waiting for the computer the boot up.

22.    Boot up time was not properly recorded as time worked and resulted in Plaintiffs and the putative class not being paid for all hours worked by Defendants.

### Clocking Out/Off-the-Clock

23.    Plaintiffs and the putative class would be required to perform off-the-clock work on multiple occasions after they had clocked out for their shift. For example, Plaintiffs and the putative class would receive text messages and/or phone calls from management after they had already clocked out for their shift.

24.    Defendants knew or should have known that Plaintiffs and the putative class were not "on the clock" after they had clocked out and therefore should not have directed Plaintiffs and the putative class to review and/or respond to management communications or perform any additional work once they had clocked out.

25.    The time spent by Plaintiffs and the putative class reviewing and/or responding to management communications could be anywhere from two to ten minutes—time which was unpaid by Defendants.

### Missed Meal Periods

26.    Plaintiffs and the putative class were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of scheduling each meal period at the end of the fifth hour as part of each

work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

27.    As a result of Defendants' policy, Plaintiffs and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to Defendant's scheduling a meal period at the end of the fifth hour and Defendants' productivity requirements instructing them to attend to each call thoroughly until completion.

28.    On instances when Plaintiffs and the putative class members' meal periods were missed, late and/or shortened due to Defendants' policies and/or practices, Defendants systematically failed to pay Plaintiffs and the putative class premium wages.

**Missed Rest Breaks**

29.    Plaintiffs and the putative class were not provided with rest breaks of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' chronically understaffing each work shift with not enough workers; (2) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (3) no formal written meal and rest period policy that encouraged employees to take their meal and rest breaks.

30.    As a result of Defendants' policy, Plaintiffs and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiffs and the putative class to work through their rest periods in order to complete their assignments on time.

31.    On instances when Plaintiffs and the putative class members' rest

breaks were missed, late, and/or shortened due to Defendants' policies and/or practices, Defendants systematically failed to pay Plaintiffs and the putative class premium wages.

**Regular Rate of Pay**

32.     The regular rate of pay under California law includes all remuneration for employment paid, on behalf of the employer, to the employee. This requirement includes, but is not limited to, flex credits, quarterly performance bonuses and/or non-discretionary bonuses.

33.     During the applicable limitations period, Defendants violated the rights of Plaintiffs and the putative class under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194, and 1198 as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to flex credits, quarterly performance bonuses and/or non-discretionary bonuses.

**Expense Reimbursement**

34.     Plaintiffs and the putative class members worked remotely in a home office and telecommuted as part of their job for Defendants. Plaintiffs were already working remotely when the pandemic unfolded. In response to the COVID-19 crisis, Defendants closed their office space to Plaintiffs and the putative class members, requiring that they work from home.

35.     Plaintiffs and the putative class members were provided with a monitor, laptop, keyboard, phone, and modem to allow them to execute their job duties during the relevant time period.

36.     Plaintiffs and the putative class had to set up a desk and office space in their homes in order to have a place to execute their job duties with Defendants' equipment.

37.     Plaintiffs and the putative class members were not reimbursed for business expenses incurred in telecommuting as a part of their job including but not

9

**FIRST AMENDED COMPLAINT**

limited to, Wi-Fi expenses, electricity expenses, the expenses of required personal cell phone usage, and/or rent expenses for the physical office space they were required to keep in their home.

38.     Defendants failed to reimburse Plaintiffs and the putative class for such necessary business expenses incurred by them.

### Wage Statements

39.     Plaintiffs and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code § 226.

40.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work were not included.

41.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work were not included.

42.     Defendants failed to comply with Labor Code section 226(a)(4) as "all deductions" were not accurately reflected in that deductions, even "aggregated and shown as one item," were not included.

43.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work were not included.

44.     Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work were not included.

///

///

///

# FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512 and 1198)

### (Plaintiffs and Meal Period Sub-Class)

45.    Plaintiffs incorporate by reference the preceding paragraphs as if fully alleged herein.

46.    At all relevant times, Plaintiffs and the **Meal Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order ("Wage Order").

47.    Labor Code § 512 and § 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

48.    Labor Code § 226.7 and § 11 of the applicable Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

49.    Compensation for missed meal periods constitutes wages within the meaning of Labor Code § 200.

50.    Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

51.    Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and

> counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

52.    At all relevant times, Plaintiffs were not subject to a valid on-duty meal period agreement. Plaintiffs are informed and believe that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

53.    Plaintiffs allege that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiffs and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the applicable Wage Order.

54.    Plaintiffs allege that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

55.    Moreover, Defendants' written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that employees are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

56.    At all relevant times, Defendants failed to pay Plaintiffs and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

57.    Pursuant to Labor Code §§ 204, 218.6 and 226.7, Plaintiffs, on behalf of themselves and the **Meal Period Sub-Class** members, seek to recover unpaid

premium wages, interest thereon, and costs of suit.

58.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and the **Meal Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7 and 1198)

### (Plaintiffs and Rest Period Sub-Class)

59.    Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

60.    At all relevant times, Plaintiffs and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

61.    Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four-hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

62.    Labor Code § 226.7 and § 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

63.    Compensation for missed rest periods constitutes wages within the meaning of Labor Code § 200.

64.    Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

65.    Plaintiffs allege that, at all relevant times during the applicable

limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten minutes for each four-hour work period, or major fraction thereof, as required by the applicable Wage Order.

66.    At all relevant times, Defendants failed to pay Plaintiffs and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

67.    Specifically, Defendants written policies do not provide that employees may take a rest period for each four hours worked, or major fraction thereof, nor that rest periods should be taken in the middle of each work period insofar as practicable.

68.    Pursuant to Labor Code §§ 204, 218.6 and 226.7, Plaintiffs, on behalf of themselves and **Rest Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

69.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Rest Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

### <u>THIRD CAUSE OF ACTION</u>
### FAILURE TO PAY HOURLY AND OVERTIME WAGES
### (Lab. Code §§ 223, 510, 1194, 1197 and 1198)
### (Plaintiffs and Hourly Employee Class)

70.    Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

71.    At all relevant times, Plaintiffs and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

72.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to

1  do so."

2      73.    Section 4 of the applicable Wage Order requires an employer to pay

3  non-exempt employees at least the minimum wage set forth therein for all hours

4  worked, which consists of all hours that an employer has actual or constructive

5  knowledge that employees are working.

6      74.    Labor Code § 1194 invalidates any agreement between an employer and

7  an employee to work for less than the minimum or overtime wage required under the

8  applicable Wage Order.

9      75.    Labor Code § 1194.2 entitles non-exempt employees to recover

10 liquidated damages in amounts equal to the amounts of unpaid minimum wages and

11 interest thereon in addition to the underlying unpaid minimum wages and interest

12 thereon.

13     76.    Labor Code § 1197 makes it unlawful for an employer to pay an

14 employee less than the minimum wage required under the applicable Wage Order for

15 all hours worked during a payroll period.

16     77.    Labor Code § 1197.1 provides that it is unlawful for any employer or

17 any other person acting either individually or as an officer, agent, or employee of

18 another person to pay an employee, or cause an employee to be paid, less than the

19 applicable minimum wage.

20     78.    Labor Code § 1198 makes it unlawful for employers to employ

21 employees under conditions that violate the applicable Wage Order.

22     79.    Labor Code § 204 requires employers to pay non-exempt employees

23 their earned wages for the normal work period at least twice during each calendar

24 month on days the employer designates in advance and to pay non-exempt employees

25 their earned wages for labor performed in excess of the normal work period by no

26 later than the next regular payday.

27     80.    Labor Code § 223 makes it unlawful for employers to pay their

28 employees lower wages than required by contract or statute while purporting to pay

them legal wages.

81.    Labor Code § 510 and § 3 of the applicable Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times the employees' respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and for the first eight hours worked on the seventh consecutive day of one workweek.

82.    Labor Code § 510 and § 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times the employees' respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

83.    Plaintiffs are informed and believe that, at all relevant times, Defendants have applied centrally devised policies and practices to them and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

84.    At all relevant times, Defendants failed to pay hourly wages to Plaintiffs and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

85.    During the relevant time period, Defendants failed to pay Plaintiffs and **Hourly Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted, or otherwise encouraged Plaintiffs and **Hourly Employee Class** members to perform off-the-clock work.

86.    As a result of Defendants' unlawful conduct, Plaintiffs and **Hourly Employee Class** members have suffered damages in an amount subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

87.    Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194 and 1194.2,

Plaintiffs, on behalf of themselves and **Hourly Employee Class** members, seeks to recover unpaid straight time and overtime wages, interest thereon, and costs of suit.

88.    The regular rate of pay under California law includes all remuneration for employment paid, on behalf of the employer, to the employee. This requirement includes but is not limited to flex credits, quarterly performance bonuses, non-discretionary bonuses, etc.

89.    During the applicable limitations period, Defendants violated the rights of Plaintiffs and **Hourly Employee Class** members under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194 and 1198 by not correctly calculating their regular rate of pay to include all applicable remuneration, including but not limited to, flex credits, quarterly performance bonuses, non-discretionary bonuses, etc.

90.    California law uses the terms "compensation" and "pay" interchangeably and requires that all applicable remuneration, including but not limited to flex credits, quarterly performance bonuses, non-discretionary bonuses, etc. be included when calculating an employee's regular rate of pay.

91.    At all relevant times, Defendants paid Plaintiffs premium wages based on a rate of compensation that did not reflect, among other things, flex credits, quarterly performance bonuses, non-discretionary bonuses, etc. as required by Labor Code § 226.7(b) and §§ 11 and 12 of the applicable Wage Order on the occasions when Defendants paid their premium wages in lieu of meal and/or rest periods.

92.    Plaintiffs are informed and believes, and thereupon allege, that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of paying **Hourly Employee Class** members premium wages based on rates of compensation that have not reflected flex credits, quarterly performance bonuses, non-discretionary bonuses, etc. as required by Labor Code § 226.7(b) and §§ 11 and 12 of the applicable Wage Order on the occasions when Defendants paid them

premium wages in lieu of meal and/or rest periods.

93.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Hourly Employee Class** members, seeks to recover reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY

#### (Lab. Code § 2802)

#### (Plaintiffs and Expense Reimbursement Class)

94.    Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

95.    Labor Code section 2802(a) states:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

96.    At all relevant times during the applicable limitations period, Plaintiffs and the **Expense Reimbursement Class** members incurred necessary business expenses as a result of telecommuting from a home office including but not limited to, Wi-Fi, electricity, personal cell phone usage, and/or rent expenses.

97.    Plaintiffs are informed and believe and thereupon allege that the reimbursement paid by Defendants was insufficient to indemnify Plaintiffs for all necessary expenses incurred in the discharge of their duties.

98.    Plaintiffs are informed and believe and thereupon allege that the reimbursement paid by Defendants was insufficient to indemnify **Expense Reimbursement Class** members for all necessary business expenses incurred in the discharge of their duties.

99.    At all relevant times during the applicable limitations period, Defendants required Plaintiffs and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused by Defendants' want of ordinary care. Defendants

failed to indemnify Plaintiffs and **Expense Reimbursement Class** members for all such expenditures.

100.   At all relevant times during the applicable limitations period, Defendants required Plaintiffs and **Expense Reimbursement Class** members to purchase and maintain uniforms and apparel unique to Defendants at Plaintiffs' and **Expense Reimbursement Class** members' expense. Defendants failed to indemnify Plaintiffs and **Expense Reimbursement Class** members for all such expenditures.

101.   Plaintiffs are informed and believe that, during the applicable limitations period, Defendants maintained a policy or practice of not reimbursing Plaintiffs and **Expense Reimbursement Class** members for all necessary business expenses.

102.   Accordingly, Plaintiffs and **Expense Reimbursement Class** members are entitled to restitution for all unpaid amounts due and owing within four years of the date of the filing of the original Complaint and until the date of entry of judgment.

103.   Plaintiffs, on behalf of themselves , and **Expense Reimbursement Class** members, seeks interest thereon and costs pursuant to Labor Code § 218.6 and reasonable attorneys' fees pursuant to Code of Civil Procedure § 1021.5.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

## (Lab. Code § 226)

### (Plaintiffs and Wage Statement Penalties Sub-Class)

104.   Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

105.   Labor Code § 226(a) states:

An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his

or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

106.   The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006.)

107.   Plaintiffs are informed and believe that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

108.   Plaintiffs are informed and believe that Defendants' failure to provide them and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants had the ability to provide them with accurate wage statements but had intentionally provided them with written wage statements that Defendants knew do not comply with Labor Code § 226(a).

109.   Plaintiffs and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated Plaintiffs' and **Wage Statement**

**Penalties Sub-Class** members' legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

110. Pursuant to Labor Code § 226(e), Plaintiffs, on behalf of themselves and **Wage Statement Penalties Sub-Class** members, seeks the greater of actual damages or fifty dollars ($50.00) for the initial pay period in which a violation of Labor Code section 226(a) occurred and one hundred dollars ($100.00) for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of four thousand dollars ($4,000.00) per class member.

111. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Wage Statement Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

<u>**SIXTH CAUSE OF ACTION**</u>

**FAILURE TO TIMELY PAY ALL FINAL WAGES**

**(Lab. Code §§ 201–203)**

**(Plaintiffs and Waiting Time Penalties Sub-Class)**

112. Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

113. At all relevant times, Plaintiffs and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

114. At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately

upon termination.

115.   At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours' notice of resignation have been entitled to payment of all final wages at the time of resignation.

116.   At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours' notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours' of giving notice of resignation.

117.   During the applicable limitations period, Defendants failed to pay Plaintiffs all of their final wages in accordance with the Labor Code by failing to timely pay them all of their final wages.

118.   Plaintiffs are informed and believe that, at all relevant times during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

119.   Plaintiffs are informed and believe that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code §§ 201 or 202 by failing to timely pay them all final wages.

120.   Plaintiffs are informed and believe and thereupon allege that Defendants' failure to timely pay all final wages to them and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

121.   Pursuant to Labor Code §§ 203 and 218.6, Plaintiffs, on behalf of themselves and **Waiting Time Penalties Sub-Class** members, seeks waiting time

penalties from the respective dates that their final wages had first become due until paid, up to a maximum of thirty days, and interest thereon.

122.    Pursuant to Labor Code § 226, Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

<u>**SEVENTH CAUSE OF ACTION**</u>

**SECRET PROFIT THROUGH UNLAWFUL DEDUCTION OF WAGES**

**(Lab. Code §§ 221, 222, 223)**

**(Plaintiffs and Expense Reimbursement Class)**

123.    Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

124.    At all relevant times, Plaintiffs and the **Expense Reimbursement Class** members have been entitled to the protections of Labor Code §§ 221, 222, and 223.

Labor Code § 221 states:

> It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee.

Labor Code § 222 states:

> It shall be unlawful, in case of any wage agreement arrived at through collective bargaining, either willfully or unlawfully or with intent to defraud an employee, a competitor, or any other person, to withhold from said employee any part of the wage agreed upon.

Labor Code § 223 states:

> Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

125.    By the conduct described above, Defendants and each of them, have unlawfully collected or received from Plaintiffs and Expense Reimbursement Class members a part of wages theretofore paid by an employer to its employees. Defendants have thereby secretly profited at the expense of Plaintiffs and Expense Reimbursement Class members.

126.    Therefore, Plaintiffs and Expense Reimbursement Class members demand return of all wages unlawfully deducted from all inside telephone sales agents, telemarketers, associates and/or other inside sales personnel employed by Defendants or any of them, within the State of California within four years of the filing of this complaint until the date of entry of judgment after trial, and reversal of all wages unlawfully deducted and/or withheld as a result of Defendants' telecommuting policies and/or practices.

## EIGHTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200 *et seq.*)

### (Plaintiffs and UCL Class)

127.    Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

128.    Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

129.    Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

130.    California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

131.    Plaintiffs, on behalf of themselves and the **UCL Class** members, re-alleges and incorporates the FIRST, SECOND, THIRD, and SEVENTH causes of action herein.

132.    Plaintiffs lost money and/or property as a result of the aforementioned unfair competition.

133.    Defendants have or may have acquired money by means of unfair

1  competition.

2      134.  Plaintiffs are informed and believe and thereupon allege that, by

3  committing the Labor Code violations described in this Complaint, Defendants

4  violated Labor Code §§ 215, 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802.

5  Defendants thus committed misdemeanors by violating the Labor Code as alleged

6  herein.

7      135.  Defendants have committed criminal conduct through their policies and

8  practices of, *inter alia*, failing to comport with their affirmative obligations as an

9  employer to provide non-exempt employees with uninterrupted, duty-free meal

10  periods of at least thirty minutes for each work period of five or more hours, by

11  failing to pay non-exempt employees for all hours worked, and by failing to

12  reimburse them for all expenses.

13      136.  At all relevant times, Plaintiffs and **UCL Class** members have been non-

14  exempt employees and entitled to the full protections of both the Labor Code and the

15  applicable Wage Order.

16      137.  Defendants' unlawful conduct as alleged in this Complaint amounts to

17  and constitutes unfair competition within the meaning of Business and Professions

18  Code section 17200 *et sequitur*. Business and Professions Code §§ 17200 *et sequitur*

19  protect against unfair competition and allow a person who has suffered an injury-in-

20  fact and has lost money or property as a result of an unfair, unlawful, or fraudulent

21  business practice to seek restitution on behalf of themselves and on behalf of

22  similarly situated persons in a class-action proceeding.

23      138.  As a result of Defendants' violations of the Labor Code during the

24  applicable limitations period, Plaintiffs have suffered an injury-in-fact and have lost

25  money or property in the form of earned wages.  Specifically, Plaintiffs have lost

26  money or property as a result of Defendants' conduct.

27      139.  Plaintiffs are informed and believe that other similarly situated persons

28  have been subject to the same unlawful policies or practices of Defendants.

140.   Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

141.   California's Unfair Competition Law ("UCL") permits civil recovery and injunctive relief for "any unlawful, unfair or fraudulent business act or practice," including a practice or act that violates, or is considered unlawful under, any other state or federal law.

142.   Accordingly, pursuant to Business & Professions Code §§ 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary, and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders, and upon a final hearing, an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

143.   Pursuant to Business and Professions Code § 17203, Plaintiffs, on behalf of themselves and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

144.   Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, all others similarly situated prays for relief and judgment against Defendants as follows:

(1)    An order that the action be certified as a class action;

(2)   An order that Plaintiffs be appointed class representatives;

(3)   An order that counsel for Plaintiffs be appointed class counsel;

(4)   Unpaid wages;

(5)   Actual damages;

(6)   Liquidated damages;

(7)   Restitution;

(8)   Declaratory relief;

(9)   Pre-judgment interest;

(10)  Statutory penalties;

(11)  Costs of suit;

(12)  Reasonable attorneys' fees; and

(13)  Such other relief as the Court deems just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs, on behalf of themselves, all other similarly situated, hereby demand a jury trial on all issues so triable.

Dated:  May 26, 2023                    SETAREH LAW GROUP


                                        */s/Shaun Setareh*
                                        SHAUN SETAREH
                                        JOSE MARIA D. PATINO, JR.
                                        TYSON GIBB
                                        Attorneys for Plaintiffs
                                        KIKISHIA BURRUS and IVAN ALVARADO